CAMPANERIA v. CONFEDERATION LIFE INSURANCE ASSOCIATION.
No. 68-9120.
Circuit Court, Dade County.
January 26 and May 13. 1970.

Robert L. Parks of Quinton, Lieb, Parks & Aurell, Miami, for plaintiff.

Phil Newcomm of Shutts & Bowen, Miami, for defendant.

JAMES LAWRENCE KING, Circuit Judge.

*Order, January 26, 1970:* Plaintiff and defendant have both moved for summary judgment. The facts appear to be undisputed with one material exception as discussed hereafter.

The plaintiff is the widow of a person insured by the defendant's policy of life insurance, and is beneficiary of the policy. The defendant is a Canadian corporation licensed to do an insurance business in the state of Florida.

The policy in question was issued on the life of the deceased in 1923. The decedent paid under the policy until 1943 when the policy was converted into paid up insurance. The insured died in 1968.

At the time of issuance of the policy in 1923, and until his death in 1968, the insured resided in Havana, Cuba. The plaintiff widow now resides in Dade County.

The plaintiff alleges in paragraph 9 of her complaint that she is prevented from returning to Cuba by circumstances therein detailed. Paragraph 9 is denied in defendant's answer and no deposition, affidavit or other matter supporting plaintiff's position appears in the record.

The defendant affirmatively asserts that it is ready, willing and able to pay the plaintiff in Havana, Cuba, in Cuban pesos, but asserts that as a matter of law it can not and ought not be made to pay in this court and in dollars.

The policy in question is in Spanish. A translation supplied in this record by the defendant reflects pertinent policy provisions as follows —

### WHERE PAYMENTS MUST BE MADE

All payments under this policy whether on the part of the association or the insured shall be made in the city of Havana, Republic of Cuba, but at the election of the association or with its consent, payments may be made elsewhere.

### CURRENCY

All payments under this policy, whether on the part of the association or the insured shall be made in the currency now constituting legal tender in the United States of America.

The policy was executed and issued by the company at Toronto, Canada, incorporating therein the insured's application which was made in Havana and obviously forwarded to Toronto for inclusion in the policy when it was issued there.

The questions presented for resolution are essentially questions of law.

The first matter to be decided is whether or not the action may be brought in Florida, and whether the defense of *forum non conveniens* raised by the defendant is applicable. These questions were resolved in favor of plaintiff by the Third District in Confederation Life Assoc. v. Vega, 135 So.2d 187 (1962).

The next question is whether the Cuban law cited extensively by the defendant controls the contract. In view of the decision of the Supreme Court of Canada in Imperial Life Assurance Company of Canada v. Calmenares, decided May 23, 1967, which held that policies similar to the one in question were governed by Canadian and not by Cuban law, it appears that the Cuban law does not govern, and it thus becomes unnecessary to consider the impact of the Cuban law cited by defendant.

It appears, therefore, that this case is in virtually identical posture with that of Confederation Life Association v. Vega, 207 So.2d 33, cert. den. S.C., 211 So.2d 169. There the Third District allowed recovery in equity in a similar situation. However, as pointed out

earlier, the plaintiff has not carried the burden of proving that there is no dispute as to paragraph 9 of the complaint, respecting her inability to return to Cuba. As the factual issue exists, and as that issue appears relevant and material to the Third District holding in Vega, summary judgment should not be granted plaintiff at this time.

It is therefore ordered and adjudged as follows — (1) The motion for summary judgment filed by the defendant is denied. (2) The motion for summary judgment filed by the plaintiff is denied pending decision on the one controverted issue of fact specified in this opinion, to be resolved at final hearing. (3) Final hearing is set for Thursday, January 29, 1970 at 1:30 p.m.

*Final judgment, May 13, 1970:* This cause coming on for final hearing and the court having taken testimony and heard extensive argument of counsel, reviewed all pleadings, memorandum and exhibits in this cause and being otherwise fully advised, it is ordered and adjudged — (1) The motion of the defendant, Confederation Life Insurance Association, to set cause for hearing on the measure of liability be and the same is hereby denied. (2) Final judgment is hereby entered for the plaintiff and against the defendant in the amount of $16,742, plus interest from June 7, 1968 to date, at the rate of six per cent, to be paid in Miami, Florida, and for all of which let execution issue. (3) The questions of payment of costs and plaintiff's claim for a reasonable attorney's fee shall be heard at a later date by this court.